THE COOK LAW FIRM, P.C.
Philip E. Cook (State Bar No. 149067)
pcook@cooklawfirm.la
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA 90017
Telephone: (213) 988-6100
Facsimile: (213) 988-6099

Attorneys for Defendants DEUTSCHE TELEKOM NORTH AMERICA, INC., DEUTSCHE TELEKOM AG, and T-SYSTEMS NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

NETWORK ENHANCED TECHNOLOGIES, INC., a California corporation,

Plaintiff,

vs.

DEUTSCHE TELEKOM NORTH AMERICA, INC., a Delaware corporation; DEUTSCHE TELEKOM AG, a German corporation; T-SYSTEMS USA, INC., a Delaware corporation; T-SYSTEMS NORTH AMERICA, INC., a Delaware corporation; DOES 1 through 25, inclusive,

Defendants.

Case No. 2:15-cv-01013

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;**

**MEMORANDUM OF POINTS AND AUTHORITIES;**

**DECLARATION OF PHILIP E. COOK (Filed Under Separate Cover);**

**DECLARATION OF ANDREW RHYS DAVIES (Filed Under Separate Cover);**

**DECLARATION OF HAROLD FREY (Filed Under Separate Cover)**

Hearing:
Date: August 31, 2015
Time: 10:00 a.m.
Place: Courtroom 5
Hon. Christina A. Snyder

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 31, 2015, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 5 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendants DEUTSCHE TELEKOM NORTH AMERICA, INC., DEUTSCHE TELEKOM AG, and T-SYSTEMS NORTH AMERICA, INC. will and do hereby move the Court for an order awarding to them their attorneys' fees in connection with this action.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 13, 2015, and during which the hearing date was changed from the one originally proposed by Defendants in order to accommodate Plaintiff's counsel's schedule.

This Motion seeks attorneys' fees of $95,658.08 from Plaintiff NETWORK ENHANCED TECHNOLOGIES, INC. incurred through the entry of judgment in this action, together with an additional $5,500.00 incurred through the filing of this Motion (with additional fees if a reply and appearance at hearing is required), and is brought pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure on grounds that the parties' contract giving rise to this litigation is governed exclusively by Swiss law. Under the governing Swiss Private International Law Act and the Rules of Arbitration of the International Chamber of Commerce, which apply the "costs follow the event" rule, the prevailing party is entitled to recover its litigation costs, including its attorneys' fees.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Philip E. Cook, Andrew Rhys Davies, and Harold Frey (and any exhibits attached thereto), and the papers and pleadings filed in this action (including without limitation, the Complaint, attached as Exhibit A to the Notice of Removal filed Feb. 11, 2015, and

/ / /

the Court's April 13, 2015 order dismissing this action), together with such matters as may be presented to the Court before, and at, the hearing on this Motion.

Dated: July 20, 2015

THE COOK LAW FIRM, P.C.

By: /s/
Philip E. Cook

Attorneys for Defendants
DEUTSCHE TELEKOM NORTH AMERICA, INC., DEUTSCHE TELEKOM AG, and T-SYSTEMS NORTH AMERICA, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

In its April 13, 2015 order dismissing this action, the Court found that this action arose under the May 22, 2012 Agreement on Hubbing, Trading, Termination for VoIP (NGVI) (the "Agreement") between Plaintiff Network Enhanced Technologies, Inc. ("NET") and Defendant Deutsche Telekom AG ("DTAG"):

> This dispute arises out of a business relationship that began in April 2002, when NET contracted with T-USA for the provision of telecommunications services. Compl. at 3. The parties subsequently entered into several amended agreements, culminating with the May 2012 agreement ("the Agreement"), which is the subject of the instant dispute. *Id.* at 4.

ECF No. 24 at 2. The Court further found that NET is a sophisticated commercial enterprise that entered into the Agreement with an international telecommunications conglomerate, based in Germany, for complex international telephone routing and hubbing services. *Id.* at 7, note 1. Finally, as the Court's dismissal order also found, the Agreement is "exclusively" construed in accordance with and governed by the laws of Switzerland, and disputes between the parties arising from the Agreement are subject to the Rules of Arbitration of the International Chamber of Commerce (the "ICC Rules"). *Id.* at 2.

Judgment was entered by the Court on July 6, 2015. ECF No. 25. Because the "costs follow the event" rule is applied under Swiss law (whether in civil litigation or arbitration), resulting in an award of attorneys' fees to the prevailing party, Defendants are entitled to $95,658.08 for the fees they reasonably and necessarily incurred in responding to, and successfully moving to dismiss, NET's Complaint (Rhys Davies Decl., ¶¶ 7-8; Cook Decl., ¶ 6), together with additional fees incurred for preparing and filing the instant motion ($5,500.00) and, if

necessary, preparing and filing a reply brief and appearing at a hearing on the motion ( > $7,200.00). Cook Decl., ¶¶ 7-8.

**BACKGROUND**

The Agreement concerns certain international telecommunications services that DTAG agreed to provide NET, and provides that:

> This Agreement shall exclusively be construed in accordance with, and governed by, the laws of Switzerland.

Cook Decl., Ex. A [Agreement], § 15.6 at 14. The Agreement further provides that:

> [A]ll disputes arising in connection with the Agreement, including but not limited to, its validity, interpretation, fulfillment, effects and consequences, shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by one (1) arbitrator in accordance with the said Rules. The arbitration proceedings shall take place in Zürich, Switzerland and be conducted in English.

*Id.* Despite this express agreement, and the pendency of an International Chamber of Commerce ("ICC") arbitration proceeding between the DTAG and NET in Zurich, Switzerland, NET commenced this lawsuit, parroting verbatim its counterclaims against DTAG in arbitration, and sought a ruling that the arbitration clause in the Agreement was unconscionable under California law and thus unenforceable. ECF No. 1 [Complaint, attached as Ex. A to Notice of Removal]. On Defendants' motion to dismiss, the Court disagreed with NET in favor of the ICC arbitration between the parties, and dismissed this action. ECF No. 24.

## ARGUMENT

### I. SWISS LAW MANDATES AN AWARD OF ATTORNEYS' FEES TO DEFENDANTS.

Because the Agreement and all of NET's claims arising from it are governed by Swiss law, under California's choice-of-law rules, Swiss law also governs Defendants' right to attorneys' fees as the prevailing parties in this litigation. *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-71 (1992). And under Swiss law, whether disputes are resolved in civil litigation or arbitration, the "costs follow the event" rule is applied, resulting in an award of litigation costs—including attorneys' fees—to the prevailing party. Frey Decl., ¶¶ 8-12;[1] *see Applera Corp. v. MP Biomedicals, LLC*, 173 Cal. App. 4th 769, 790 (2009) (awarding attorneys' fees to the prevailing party "as determined under Swiss law").

In awarding attorneys' fees to Defendants, the Court should enforce the parties' Agreement to arbitrate their disputes under Swiss law. California strongly favors contractual choice-of-law provisions, and California courts will enforce them unless (1) there is no substantial relationship between the parties or the transaction and the chosen law, and no other reasonable basis for the parties' choice; or (2) enforcing the chosen law would contravene fundamental California public policy. *Nedlloyd Lines*, 3 Cal. 4th at 465.

First, it is hardly surprising that the Agreement is governed by the law of a neutral European jurisdiction, as DTAG is located in Europe and Switzerland is a common seat of arbitration there. *See 1-800-Got Junk? LLC v. Superior Court*, 189 Cal. App. 4th 500, 514 (2010) (reasonable for a Vancouver company's choice-of-law provision favoring Washington law based the company's proximity to Washington). That certainly is a reasonable basis for the choice of Swiss law here, especially in light of the commercial context of this case. *Nedlloyd Lines*, 3 Cal. 4th

---

[1] Under Rule 44.1 of the Federal Rules of Civil Procedure, the Court may consider and take notice of the laws of Switzerland, as described in Mr. Frey's Declaration.

at 464-65 (noting a strong policy favoring enforcement of choice-of-law provisions in commercial contexts).

Second, an award of attorneys' fees to Defendants, despite the absence of an express attorneys' fee provision in the Agreement, does not contravene California public policy. *Applera Corp. v. MP Biomedicals, LLC*, 173 Cal. App. 4th 769 (2009) (finding application of Swiss law to award attorney fees to prevailing party does not violate California public policy).[2] As the *Applera* court explained:

> [T]he Swiss law—the payment of attorney fees to the prevailing party—does not violate California's public policy. Civil Code section 1717 specifically authorizes courts to enforce contractual provisions requiring payment of attorney fees to the prevailing party. And Civil Code section 1717 requires an attorney fees clause to be applied on a reciprocal basis, even where the contract is nonreciprocal. Thus, the prevailing party's entitlement to attorney fees under Swiss law is qualitatively no different than the insertion of a reciprocal, prevailing-party attorney fees clause in a contract, which is clearly enforceable under California law. Moreover, a foreign judgment recognized under the Uniform Foreign Money–Judgments Recognition Act is enforceable in California even when attorney fees awarded under the "English Rule" form the basis for the judgment.

*Applera Corp.*, 173 Cal. App. 4th at 790 (citing *Java Oil Ltd. v. Sullivan*, 168 Cal. App. 4th 1178, 1189-92 (2008)). In other words, "[h]ad the contract explicitly provided for attorney fees, the trial court would have been required to honor the

---

[2] *Cf. E&J Gallo Winery v. Andina Licores S.A.*, 440 F. Supp. 2d 1115, 1127 (E.D. Cal. 2006) (the fact that chosen law "affords remedies that are different or less favorable to the laws of the forum preferred by a plaintiff" provides no basis to invalidate choice-of-law provision); *Nuvo Research Inc. v. McGrath*, No. C 11-4006 SBA, 2012 WL 1965870, at *4 (N.D. Cal. May 31, 2012) (applying Swiss limitations period for breach of contract claim and rejecting defendant's contention that the shorter limitations period under California law should apply given California public policy against unexpected litigation of stale claims).

parties' agreement. Had this dispute resulted in a Swiss judgment, plaintiff could potentially enforce the judgment (which would presumably include attorney fees) in California." *Id.* Thus, the court concluded that attorneys' fees were recoverable by the prevailing party "as determined under Swiss law." This Court should reach the same conclusion here.

**CONCLUSION**

For each of the foregoing reasons, Defendants respectfully request that the Court grant their motion for attorneys' fees, as set forth in the concurrently filed Declarations of Andrew Rhys Davies and Philip E. Cook, and award Defendants $101,148.08 (and an additional $7,200.00 if a reply and appearance at the hearing on this Motion is required) as the prevailing parties in this action.

Dated: July 20, 2015

Respectfully submitted,

THE COOK LAW FIRM, P.C.

By: /s/
Philip E. Cook

Attorneys for Defendants
DEUTSCHE TELEKOM NORTH AMERICA, INC., DEUTSCHE TELEKOM AG, and T-SYSTEMS NORTH AMERICA, INC.

Of counsel:

ALLEN & OVERY LLP
Andrew Rhys Davies (admitted *pro hac vice*)
andrew.rhys.davies@allenovery.com
Justin L. Ormand (admitted *pro hac vice*)
justin.ormand@allenovery.com
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399