THE COOK LAW FIRM, P.C.
Philip E. Cook (State Bar No. 149067)
   pcook@cooklawfirm.la
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA 90017
Telephone: (213) 988-6100
Facsimile: (213) 988-6099

Attorneys for Defendants
T-SYSTEMS NORTH AMERICA,
INC., DEUTSCHE TELEKOM AG, and
DEUTSCHE TELEKOM NORTH AMERICA, INC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NETWORK ENHANCED TECHNOLOGIES, INC., a California corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>DEUTSCHE TELEKOM NORTH AMERICA, INC., a Delaware corporation; DEUTSCHE TELEKOM AG, a German corporation; T-SYSTEMS USA, INC., a Delaware corporation; T-SYSTEMS NORTH AMERICA, INC., a Delaware corporation; DOES 1 through 25, inclusive,<br><br>            Defendants. | Case No. 2:15-cv-01013<br><br>**DECLARATION OF HAROLD FREY IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>Hearing:<br>Date:   August 31, 2015<br>Time:   10:00 a.m.<br>Place:  Courtroom 5<br>        Hon. Christina A. Snyder |

1

**DECLARATION OF HAROLD FREY
IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

## DECLARATION OF HAROLD FREY

I, Harold Frey, declare as follows:

1. I am an attorney qualified and authorized to practice law in Switzerland. I am also admitted to the Bar of the State of New York. I have been retained by counsel for Defendants in this matter to deliver my opinion on certain issues of Swiss law, as set forth below. If called upon to do so, I could and would testify as to the matters set forth in this Declaration.

## BACKGROUND AND EXPERIENCE

2. I am a partner at Lenz & Staehelin in Zurich, Switzerland, where I head the firm's litigation and arbitration practice. From 2005 to 2006, I was a member of the arbitration group at Wilmer Cutler Pickering Hale & Dorr in London, United Kingdom.

3. I have over 10 years' experience in international arbitration, and have represented clients in numerous arbitrations before the major arbitral institutions, at multiple seats and governed by a variety of substantive laws. These matters have touched on a wide range of legal issues and industries, including the telecommunications industry.

4. I have also sat as an arbitrator (sole arbitrator, co-arbitrator or chairman) in ad-hoc proceedings and arbitration under institutional rules (including ICC and Swiss Rules).

5. I have published several articles on international arbitration, including articles relating to arbitration before the ICC International Court of Arbitration.

6. I am a member of the Swiss Arbitration Association, the London Court of International Arbitration, the German Institution of Arbitration, the Zurich Bar Association, and the New York State Bar Association.

7. I previously submitted a Declaration in this action (ECF No. 19, filed March 16, 2015), to which my full curriculum vitae was attached as Exhibit 1.

## ATTORNEYS' FEES UNDER SWISS LAW

8.  For matters litigated in Swiss courts, the recovery of litigation costs, including attorneys' fees, is governed by the Swiss Civil Procedure Code ("SCPC"). Generally, the SCPC applies the "costs follow the event" rule. See SCPC, art. 106, ¶ 1 ("The costs are charged to the unsuccessful party. If an action is not admitted by the court or if it is withdrawn, the plaintiff is deemed to be the unsuccessful party; in case of acceptance of the claim it is the defendant.")

9.  Section 15.6 of the parties' May 2012 Agreement on Hubbing, Trading, Termination For VoIP (NGVI) (the "Agreement") provides for arbitration in Switzerland, which is governed by the Swiss Private International Law Act ("SPILA").

10. The SPILA itself does not contain any provisions on the costs of the arbitration and their allocation between the parties (including the recovery of attorneys' fees paid by the parties). Rather, the determination of the amount of costs and their allocation is a matter of private agreement, which the parties may address directly or by reference to a set of institutional rules.

11. The arbitration clause in the Agreement is silent on the criteria for the determination and allocation of costs but provides for the application of the Rules of Arbitration of the International Chamber of Commerce ("ICC Rules").

12. Pursuant to Article 37(4) of the ICC Rules, the arbitral tribunal decides which of the parties shall bear the costs of arbitration (or in what proportion they shall be borne by the parties), including "reasonable legal and other costs." ICC Rules, art. 37(1). Although it generally is accepted that the allocation of costs falls within the discretion of the arbitral tribunals, it is my experience, and Swiss commentators confirm, that practice under the ICC Rules in Switzerland tends to adhere to the "costs follow the event" rule (save for particular circumstances such as party conduct that would mandate otherwise). The Swiss Federal Supreme Court

once observed that such a course of action was so natural that it renders any reasoning in the award superfluous.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed on July 16, 2015 at Zurich, Switzerland.

_____
Harold Frey